**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| **JAMES E. COOPER** | * | |
| **2909 Bachman Road** | | |
| **Manchester, MD 21102-1722** | * | **CIVIL ACTION NO:_____** |
| | | |
| *Plaintiff*, | * | |
| | | |
| **v.** | * | **COMPLAINT** |
| | | |
| **FULTON BANK, N.A.** | * | |
| | | **JURY TRIAL** |
| *Serve on:*  **Resident Agent** | * | |
| **John Scaldara** | | |
| **7168 Columbia Gateway Drive** | * | |
| **Columbia, MD  21046** | | |
| | * | |
| **and** | | |
| | * | |
| **RICHARD & ASSOCIATES, INC.** | | |
| | * | |
| *Serve on:*  **Richard L. Jehu, Jr.** | | |
| **3999 Spring Road** | * | |
| **Shermans Dale, PA  17090-9609** | | |
| | * | |
| *Defendants*. | | |
| | * | |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

## <u>COMPLAINT</u>

Plaintiff James E. Cooper (hereinafter "Mr. Cooper" or "Plaintiff"), by and through

undersigned counsel Melanie L. Glickson, Esq., Glickson Law Firm, LLC, and Jeremy Eldridge,

Esq., Eldridge & Nachtman, LLC, files this Complaint and sues Fulton Bank and Richard &

Associates for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e

("FDCPA"); the Maryland Debt Collection Practices Act, MD. COMMERCIAL LAW CODE ANN.

§ 14-202(9) ("MDCPA") and for negligence; breach of contract; trespass to land; conversion;

and trespass to chattel.

In support thereof, Plaintiff alleges as follows:

**<u>INTRODUCTION</u>**

1.      This lawsuit arises out of a repossession that breached the peace.

2.      On October 26, 2015, Defendants entered Mr. Cooper's property to repossess his

camper in a manner that resembled a home invasion, placing Mr. Cooper in fear for his safety and

the safety of his family.  Specifically, Defendants entered Mr. Cooper's property without any

indication of a lawful purpose.  They rapidly backed their truck into his driveway, giving Mr.

Cooper the impression that they planned to load up the truck with stolen items and drive away.

They had no paperwork reflecting any right to repossess any property.  They did not send any

communication in advance to put Mr. Cooper on notice that his property would be repossessed.

When it became clear that Mr. Cooper objected to Defendants' presence, Defendants did not fulfill

their duty to retreat.  Later, Defendants produced a badge which they falsely claimed was issued

by the Pennsylvania Department of Banking, a state government agency.

3.      Because he reasonably believed he was about to be the victim of a home invasion,

Mr. Cooper held the repossessors at gunpoint until the police arrived.  No one was hurt.  Mr.

Cooper cooperated with law enforcement at all relevant times.

4.       As a result of Defendants' conduct in carrying out a non-peaceable repossession,

Plaintiff suffered damages for which he demands relief, including economic and non-economic

damages.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to hear the FDCPA claim as a court of competent jurisdiction in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

6.      This Court has supplemental jurisdiction to hear the state law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that each of the Defendants transacts business in this District and the complained-of conduct took place in this District.

8.      This Court has *in personam* jurisdiction over Defendants because Defendants conduct business in Maryland and/or because the events giving rise to these claims occurred in Maryland.

## PARTIES

9.      Mr. Cooper is an adult individual residing in Manchester, Maryland.  Mr. Cooper is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.      Mr. Cooper is a "consumer" within the meaning of Section 803 of the FDCPA, 15 U.S.C. § 1692a(3),  in that the alleged debts that the Defendants sought to collect from him were originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts, within the meaning of 15 U.S.C. § 1692a(5).

11.      Fulton Bank, N.A. is the wholly owned banking subsidiary of Fulton Financial Corporation, a financial service holding company headquartered in Lancaster, Pennsylvania. Fulton Financial Corporation operates affiliates in Pennsylvania, New Jersey, Delaware, Maryland

and Virginia.

12.     Richard & Associates, Inc., upon information and belief, is a Pennsylvania corporation duly authorized to conduct its collections business in the State of Maryland.  Richard & Associates is located at 6984 Wertzville Road, Enola, Pennsylvania 17025-1037.

13.     Upon information and belief, Richard & Associates regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due by a consumer to another. As such, Fulton Bank and Richard & Associates are "debt collectors" within the meaning of 15 U.S.C. § 1692a (6) and "collectors" within the meaning of MD. COMMERCIAL LAW CODE ANN. § 14-201.

## FACTS APPLICABLE TO ALL COUNTS

14.     Mr. Cooper is the owner and titleholder of a 2010 Rockwood 23SS camper with a vehicle identification number ("VIN'") of 4X4TRLY20AD105703 (hereinafter the "Camper").

15.     On January 23, 2010 Mr. Cooper entered into a motor vehicle installment sale contract ("Contract") with seller/dealer Reichart's Camping Center, Inc. located in Hanover, Pennsylvania.

16.     Pursuant to the Contract, Mr. Cooper agreed to pay, over time, the value of the vehicle plus interest. *Id.*  Specifically, the Contract provides for a total of 144 payments of $238.73 beginning February 22, 2010, at an interest rate of 9.35%.  The Contract provides that Fulton Bank or its agents may "peaceably" enter Mr. Cooper's property to repossess the camper.

17.     The seller/dealer assigned the Contract to Defendant Fulton Bank, the third-party lender and the creditor.

18.     Mr. Cooper was late making his August 2015 payment of $238.73.  He received

two (2) letters in September 2015 advising him that his account was past due.

19.     The letters made no mention of the possibility of repossession based on one (1) late

payment.   Mr. Cooper never received any written notice of Fulton Bank's intention to repossess

his Camper based on his late August 2015 payment.

20.     It is well-settled that self-help repossession constitutes an inherently dangerous

activity.  Self-help repossession is hazardous because it necessitates activities that may appear to

the public as theft.  Whenever a person confiscates the property of another, particularly where the

owner may believe he is entitled to keep the property, the potential for dispute is high, and injury

is a foreseeable risk.  Consequently, the law has imposed special precautions on the secured party.

21.     As the secured party, Fulton Bank had a non-delegable duty to avoid a breach of

the peace when repossessing the Camper.  Fulton Bank is responsible for the actions of any agent

or independent contractor hired to carry out its duty.  Thus, Fulton Bank is liable for any torts or

other wrongful acts that Richard & Associates committed during the repossession.

22.     At all relevant times, Richard & Associates acted as the authorized agent of Fulton

Bank.

23.     On October 26, 2015, the Camper was intentionally taken from Mr. Cooper's home

in Manchester, Maryland by Defendant Richard & Associates on behalf of Defendant Fulton Bank.

Defendants breached the peace on October 26, 2015 in repossessing Mr. Cooper's Camper.

24.     The repossession was accomplished in a manner that created a substantial risk of

injury to the secured party, Mr. Cooper, as well as innocent bystanders.

25.     The Richard & Associates representatives who carried out the repossession of the

Camper on October 26, 2015 were Richard L. Jehu, Jr. (who is the President of Richard & Associates) and Tyler Stephen Forgas.

26.     Richard & Associates entered Mr. Cooper's driveway in their truck in an aggressive manner, with no paperwork or other indicia of official purpose, such that Mr. Cooper reasonably believed they were wrongdoers.

27.     Specifically, Mr. Cooper observed from his living room window two men in a truck approach his residence in a high rate of speed.  Mr. Cooper observed that, upon stopping in front of his residence, the two unknown men quickly exited the vehicle.  Mr. Cooper watched the driver run towards the rear of Mr. Cooper's house and the passenger swiftly jump into the driver's seat and quickly back into Mr. Cooper's driveway.  Upon exiting the vehicle, this latter individual made eye contact with Mr. Cooper and ran directly towards him.

28.     Mr. Cooper reasonably believed that he was about to be the victim of a home invasion.

29.     Mr. Cooper's wife and young daughters were expected to be home at any moment. Mr. Cooper was alarmed and fearful that his family might return in the middle of a home invasion.

30.     Mr. Cooper retrieved his gun from the gun safe in his bedroom.  Mr. Cooper applied his military and law enforcement training and experience to skillfully detain the repossessors until the police arrived. No one was hurt.

31.     Mr. Cooper is a retired Counterintelligence Special Agent who has served his country with distinction for twenty-five (25) years.   He has been sent on special assignments all over the world and has been selected for duty with some of the Army's most elite organizations. Mr. Cooper has been deployed on all but two (2) U.S. Army deployments from 1979-2000.   He

6

dedicated his life to serving his country at the highest levels and used his training and experience

on October 26, 2015 to safely defend himself and his family.

32.     Part of the incident was captured on video by a bystander.

33.     During the altercation, neither Mr. Jehu nor Mr. Forgas offered to leave.

34.     During the altercation, Mr. Jehu and Mr. Forgas conducted themselves in an unruly,

agitated, hostile, non-peaceable manner.

35.     Mr. Jehu and Mr. Forgas had a duty to retreat or offer to retreat the moment that it

became clear Mr. Cooper perceived a threat and objected to their presence on his property.

36.     Neither Mr. Jehu nor Mr. Forgas retreated or offered to retreat, thereby breaching

their duty as repossessors.

37.     Initially, when Mr. Cooper first challenged Defendants' presence on his property,

Mr. Jehu produced a badge but did not identify himself or say anything.  This gave Mr. Cooper

the impression that the men were trying to pass themselves off as police officers.

38.     Later during the altercation, Richard & Associates referred to the badge and

announced, "Repossessors badges!  Repossessors/collector badges from the Pennsylvania

Department of Banking!"

39.     Defendants' inconsistent reactions to Mr. Cooper's inquiries increased Mr.

Cooper's suspicions and doubt as to their veracity.

40.     The use of these so-called "badges" vested Mr. Jehu and Mr. Forgas with false

legitimacy, when they were not agents of the government or law enforcement.

41.     Months later, in or around April 2016 at the earliest, Mr. Cooper learned later that

these so-called "badges" were not in fact issued by the Pennsylvania Department of Banking or any other government agency.

42.    Due in part to the misleading nature of these sham "badges," the bystanders and police perceived Mr. Cooper as the wrongdoer, and Mr. Jehu and Mr. Forgas as the victims.

43.    Inexplicably, and with insufficient inquiry on the part of law enforcement, Mr. Cooper was arrested and charged with a number of crimes associated with his attempts to defend himself and his family.  Mr. Cooper was charged with two (2) counts of first degree assault; two (2) counts of second degree assault; three (3) counts of reckless endangerment; wear/carry/and transport of a handgun; and use of a handgun in the commission of a crime of violence.

44.    A four (4) day jury trial was held beginning on May 17, 2016.  Mr. Cooper was found not guilty of all crimes.

45.    Despite the fact that Mr. Cooper was completely exonerated, the criminal charges associated with Mr. Cooper's reasonable efforts to protect himself and his family, had devastating effects on Mr. Cooper's life.

46.    Among other things, Mr. Cooper was suspended from work without pay for approximately seven (7) months pending the outcome of the trial.  Mr. Cooper was reinstated to his job the day after he was acquitted on all charges. Mr. Cooper was forced to liquidate his retirement to pay for costs associated with Defendants' non-peaceable repossession.  Mr. Cooper and his family suffered significant economic and noneconomic damages resulting from Defendants' non-peaceable repossession.

## COUNT I
### Violation of FDCPA

**15 U.S.C. § 1692e**

**Against Defendants Fulton Bank**
**and Richard & Associates**

47.     Each and every allegation contained in Paragraphs 1 through 46 of this Complaint

is repeated, realleged and incorporated herein by reference.

48.     15 U.S.C. §1692e(1) provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section . . .

> The false representation or implication that the debt collector is
> vouched for, bonded by, or affiliated with the United States or any
> State including the use of any badge, uniform, or facsimile thereof.

49.     15 U.S.C. 1692e(10), provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section . . .

> The use of any false representation or deceptive means to collect or
> attempt to collect any debt or to obtain information concerning a
> consumer.

50.     Defendants, through their use of a badge, falsely represented that they were

vouched for or affiliated with the State of Pennsylvania.  Due in part to the misleading nature of

these sham "badges," the bystanders and police perceived Mr. Cooper as the wrongdoer, and Mr.

Jehu and Mr. Forgas as the victims.

51.     Defendants, by stating the badge was issued by the State of Pennsylvania's

Department of Banking, used false representations and deceptive means to collect or attempt to

collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. §1692e (10).  Due in part to the misleading nature of these false and deceptive means, Mr. Cooper was perceived as the wrongdoer, and Mr. Jehu and Mr. Forgas as the victims.

52.     By virtue of the foregoing, the Plaintiff is entitled to recover damages as prayed for herein.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendants, jointly and severally, as follows:

A)  Awarding statutory damages pursuant to 15 U.S.C. § 1692k;

B)  Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. §1692k(a)(3); and

C)   Granting such other and further relief this Court deems just and appropriate.

## COUNT II

### VIOLATION OF MCDCA
#### MD. COMMERCIAL LAW CODE ANN. § 14-202(9)
**Against Defendants Fulton Bank
and Richard & Associates**

53.     Each and every allegation contained in Paragraphs 1 through 52 of this Complaint is repeated, realleged and incorporated herein by reference.

54.     Defendants, through their use of a badge, falsely represented that they were vouched for or affiliated with the State of Pennsylvania.  Due in part to the misleading nature of these sham "badges," the bystanders and police perceived Mr. Cooper as the wrongdoer, and Mr. Jehu and Mr. Forgas as the victims.

55.     Defendants, by stating the badge was issued by the State of Pennsylvania's

Department of Banking, used a communication which gave the appearance of being authorized, issued, or approved by a government agency, when it was not, in violation of MD. COMMERCIAL LAW CODE ANN. § 14-202(9).

56. By virtue of the foregoing, the Plaintiff is entitled to recover damages as prayed for herein.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendants, jointly and severally, for statutory damages pursuant to MD. COMMERCIAL LAW CODE ANN. § 14-203, reasonable attorney's fees, litigation expenses and costs, and any other relief that the Court deems just and appropriate.

## COUNT III
### Negligence

**Against Defendants Fulton Bank
and Richard & Associates**

57. Each and every allegation contained in Paragraphs 1 through 56 of this Complaint is repeated, realleged and incorporated herein by reference.

58. At all times herein mentioned, Plaintiff was acting in a reasonable, prudent manner.

59. Fulton Bank had a non-delegable duty to avoid a breach of the peace when repossessing the Camper.

60. Defendants breached their duty to conduct a peaceable repossession by repossessing the Camper in a manner that resembled a home invasion, placing Plaintiff in fear for his safety and the safety of his family. Defendants entered Plaintiff's property without any indication of a lawful purpose. They rapidly backed their truck into Plaintiff's driveway, giving

11

Plaintiff the indication that they planned to load up the truck with stolen items and drive away. Defendant made eye contact with the plantif and in a highly aggressive manner, ran directly at the defendant giving him the impression that he was going to be the victim of a violent home invasion. They had no paperwork reflecting any right to repossess any property. They did not send any communication in advance to put Plaintiff on notice that his property would be repossessed. When it became clear that Plaintiff objected to Defendants' presence, Defendants did not fulfill their duty to retreat. Later, Defendants produced a badge which they falsely claimed was issued by the Pennsylvania Department of Banking, a state government agency.

61.     As a direct and proximate result of Defendants' negligence, Plaintiff has suffered mental anguish. Plaintiff has incurred expenses for attorneys' fees. Plaintiff also lost wages.

WHEREFORE, the Plaintiff demands judgment against Defendants for compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00), punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00), attorneys' fees, interest at the applicable judgment rate, costs, and for such other relief in his favor as the Court deems just and proper.

## COUNT IV
**Breach of Contract**

**Against Defendant Fulton Bank**

62.     Each and every allegation contained in Paragraphs 1 through 61 of this Complaint is repeated, realleged and incorporated herein by reference.

63.     Pursuant to the Contract, Defendant Fulton Bank had the right to peaceably repossess the Camper. Since Defendants' repossession breached the peace, Defendant Fulton Bank is in breach of contract.

WHEREFORE, the Plaintiff demands judgment against Defendants for compensatory damages in the amount of Two Hundred Thousand Dollars ($500,000.00), punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00), attorneys' fees, interest at the applicable judgment rate, costs, and for such other relief in his favor as the Court deems just and proper.

## COUNT V, VI, and VII
### Trespass to Land, Conversion, and Trespass to Chattel
### (Breach of the Peace)

### Against Defendants Fulton Bank and Richard & Associates

64.     Each and every allegation contained in Paragraphs 1 through 63 of this Complaint is repeated, realleged and incorporated herein by reference.

65.     Defendants came to Mr. Cooper's residence in Manchester, Maryland on October 26, 2015 with the purposeful intent of taking the Camper.

66.     Defendants did not have a legal right to be on Mr. Cooper's property or to take his personal property.

67.     Defendants did not have Mr. Cooper's consent to be on his property or to take the Camper.

68.     Mr. Cooper objected to Defendants' presence and taking of the Camper.

69.     Defendants did not leave after Mr. Cooper made known his objection to their presence and taking of the Camper.

70.     By taking the Camper, Defendants exercised dominion and control over the Camper.

71.     The taking of Mr. Cooper's property was intentional wrongful, and without legal

right.

72.     The taking of the property was a denial of Mr. Cooper's rights as the owner and titleholder of the Camper.

73.     Mr. Cooper was deprived of the use of his property and damaged as a result of the actions of the Defendants.

74.     By taking the Camper as alleged in this Complaint, Defendants intentionally dispossessed Mr. Cooper of his chattel and intentionally intermeddled with Mr. Cooper's chattel.

75.     Due to the intentional actions of the Defendants, Mr. Cooper has been damaged.

WHEREFORE, the Plaintiff demands judgment against Defendants for compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00), punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00), attorneys' fees, interest at the applicable judgment rate, costs, and for such other relief in his favor as the Court deems just and proper.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, James E. Cooper, by Counsel, requests judgment against the Defendants, jointly and severally, for statutory damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to MD. COMMERCIAL LAW CODE ANN. § 14-203; compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00), punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00), attorneys' fees, interest at the applicable judgment rate, costs, and for such other relief in his favor as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands that these allegations be tried before a jury.

Respectfully submitted,


_____/ s /_____
Melanie L. Glickson
Federal Bar No. 28484
Glickson Law Firm, LLC
6 Reservoir Circle, Suite 201
Pikesville, MD  21208
443.550.1298 (phone)
443.638.0080 (facsimile)
mlg@glicksonlaw.com


_____/ s /_____
Jeremy M. Eldridge, Esq.
Federal Bar No. 29830
The Law Offices of Eldridge & Nachtman, LLC
217 N. Charles St., 3rd Floor
Baltimore, MD  21201
443.559.4384 (phone)
443.288.6633 (facsimile)
jeremy@enlawyers.com


Dated:  December 30, 2016

15