**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

James E. Cooper                    *

v.                                 *           Civil Action No. CCB-16-4138

Fulton Bank, N.A., *et al.*        *

                                   *
                                  ***

**Memorandum**

The plaintiff, James E. Cooper, claims that the defendants, Fulton Bank, N.A. and Richard & Associates, Inc., ("R&A"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, the Maryland Consumer Debt Collection Act ("MCDCA"), MD. COM. LAW CODE ANN. § 14-202(9), and committed several other state law violations: negligence; breach of contract; trespass to land; conversion; trespass to chattel; and violation of § 9-609 of Maryland's Commercial Code.

Cooper has requested leave to file a first amended complaint and both defendants have filed motions to dismiss. The court will grant the plaintiff's request but, because Cooper's federal claim is improperly asserted against the defendants and the defendants did not breach the peace, the complaint will be dismissed.[1]

**Background**

In August 2015, Cooper defaulted on an installment contract he entered five years earlier with Fulton Bank for the purchase of a camper. (Am. Compl. ¶¶ 15, 17-18). Despite being notified of the late payment by Fulton Bank, Cooper failed to cure his delinquent account. (*Id.* at ¶ 18). As a result, Fulton Bank hired R&A to repossess the camper. (*Id.* at ¶ 25). Two R&A

---

[1] After the motions hearing, Cooper requested leave to file a second amended complaint. For the reasons to be discussed below, that request will be denied as futile.

representatives attempted to do so on October 26, 2015, without warning Cooper. (*Id.* at ¶¶ 19, 25). Fearing a home invasion after seeing two men run up to his camper, Cooper retrieved his gun to detain the men. (*Id.* at ¶¶ 28-32).[2] During the altercation, the R&A men identified themselves as repossessors from the Pennsylvania Department of Banking, but Cooper suspected that the men were lying. (*Id.* at ¶¶ 40-41). The police, who were called by a passerby, did not. (*Id.* at ¶ 45). Cooper was arrested and eventually charged with "two counts of first degree assault; two counts of second degree assault; three counts of reckless endangerment;" and two handgun offenses. (*Id.* at ¶ 47). He was tried and acquitted of these crimes. (*Id.* at ¶ 48).

On December 30, 2016, Cooper filed a complaint in federal court arguing that the defendants violated the Fair Debt Collection Practices Act, the Maryland Consumer Debt Collection Act, and committed several other violations under state law. Cooper seeks to recover the lost wages and attorneys' fees caused by his arrest and prosecution. Both defendants have filed motions to dismiss all counts in the complaint arguing, among other things, that the FDCPA does not apply to them and they never breached the peace. Oral argument was heard on October 30, 2017. The court will grant the defendants' motions to dismiss.

## Standard of Review

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir.

---

[2] The complaint does not allege that the men broke through a locked gate or other barrier during the attempted repossession.

2

2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). And the plaintiff typically must do so by relying solely on facts asserted within the four corners of his complaint. *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015).

**Analysis**

Cooper's federal claim fails because Fulton Bank is not a debt collector and R&A's repossession activity is not covered by § 1692e. Cooper's state law claims fail because the defendants did not breach the peace.

I. Fair Debt Collection Practices Act Claim

The defendants argue that Cooper's FDCPA claim should be dismissed for four reasons: (1) the defendants did not use "false, deceptive, or misleading" practices when attempting to repossess Cooper's camper; (2) Fulton Bank is not a "debt collector" within the meaning of the FDCPA; (3) repossession is not covered by § 1692e; and (4) Cooper's claim is time-barred under § 1692k(d) of the FDCPA which requires claims to be brought within a year of an alleged violation.

A. Fulton Bank is not a "debt collector" within the meaning of the FDCPA

Fulton Bank argues that it is not a debt collector within the meaning of § 1692e. Section 1692e of the FDCPA states in relevant part that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To determine whether an entity is a debt collector the court "must first determine whether the [entity] satisfies one of the statutory definitions given in the main text of §

1692a(6) before considering whether that person falls into one of the exclusions contained in subsections § 1692a(6)(A)-(F)." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016), *aff'd*, 137 S. Ct. 1718 (2017). Because Fulton Bank does not satisfy any of the definitions in § 1692a there is no need for the court to consider the statute's exclusions.

The FDCPA defines a debt collector as:

> "[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."

15 U.S.C. § 1692a(6). Under this definition, courts have held that "creditors are not liable under the FDCPA." *Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 586 (D. Md. 2013) (quoting *Eley v. Evans*, 476 F. Supp. 2d 531, 534 (E.D. Va. 2007)). Cooper asserts that Fulton Bank is a debt collector because it attempted to repossess his camper. Not only is such conduct not debt collection under § 1692e, it also does not show that Fulton Bank's principal purpose is the collection of debts. Cooper does not respond to this argument in his opposition to Fulton Bank's motion to dismiss, nor are there any allegations in his complaint, besides unsupported legal conclusions, to undermine it. *Iqbal*, 556 U.S. at 678 (internal quotations omitted). (A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement."). Accordingly, the court will dismiss Cooper's FDCPA claim against Fulton Bank because it is not a debt collector within the meaning of § 1692a.

B. Repossession is not covered by § 1692e

Both defendants argue that even if they are debt collectors, enforcement of a security interest, like repossession, is not covered by § 1692e but rather § 1692f(6), which makes it unlawful to "[t]ak[e] or threaten[] to take any nonjudicial action to effect dispossession or disablement of property" if certain conditions are met. 15 U.S.C. § 1692f(6). Cooper embraces this argument, but claims that the defendants could be liable under § 1692f(6) even though he sued them under § 1692e.

The defendants' conclusion is correct, but for different reasons. Section 1692f(6) "is not an exception to the definition of debt collector, it is an inclusion to the term . . . . It serves to include as debt collectors, for the purpose of § 1692f(6), those who only enforce security interests." *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006). Put differently, the defendants may be liable under § 1692e if they are covered by the general definition of debt collector in § 1692a(6). But if the defendants' "only role in the debt collection process is the enforcement of a security interest," then they can only be liable under § 1692f(6). *Id.*

R&A's role in the debt collection process, at least in this case, is limited to the enforcement of security interests: it acted as repossessor of a security interest in this case in the camper and Cooper never alleges that R&A is anything other than a repossession agent.[3] Therefore, Cooper's FDCPA claim against R&A is subject to dismissal because it was not brought under § 1692f(6).[4]

---

[3] To the extent Fulton Bank engaged in repossession, the same reasoning applies.
[4] Further, the court need not consider the defendants' time-bar argument or R&A's claim that the badges used during the repossession were real because Cooper's federal claim will be dismissed on other grounds.

Even if Cooper did assert a claim under § 1692f(6), he would still fail. Under that subsection, liability only attaches if the defendants did not have a current right to possess the camper at the time of repossession. 15 U.S.C. § 1692f(6)(A). The plaintiff concedes that the defendants did have a right to repossess the camper but asserts that they lost that right after they breached the peace. Assuming without deciding that Cooper's argument is cognizable under the statute, the defendants did not breach the peace, as will be explained below in section III, and, therefore, did not lose their present right to possession of the camper.

II. Maryland Consumer Debt Collection Act[5]

Cooper next argues that the defendants are liable under the Maryland Consumer Debt Collection Act because R&A's alleged use of sham badges during its repossession effort constitutes an improper "communication" under the Act. By its terms, the MCDCA only applies to efforts to collect on consumer transaction debt: "transactions involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes." MD. CODE COM. LAW § 14-201. Enforcing security interests does not qualify as debt collection under the Act. *Davis v. Toyota Motor Credit Corp.*, 251 F. Supp. 3d 925, 932-33 (D. Md. 2017). Nor does the Act, unlike its federal counterpart the FDCPA, have a specific provision to govern the enforcement of security interests. *See generally*, MD. CODE COM. LAW § 14-201, *et seq.*

Cooper's complaint does not allege that the defendants attempted to collect on the debt he owed through means other than repossession. Because "mere repossession" is not "regulated by Maryland's laws governing [debt] collectors" the court will grants the defendants' motions to dismiss Cooper's MCDCA claim. *Davis*, 251 F. Supp. 3d at 933.

---

[5] The case arises under the court's federal question jurisdiction. Despite dismissing Cooper's only federal claim the court will consider his remaining state law claims because the parties agreed during the hearing on the motions that the claim also arises under the court's diversity jurisdiction.

6

III.       Negligence

Cooper next asserts that the defendants had a tort duty not to breach the peace during their repossession effort. Assuming without deciding that such a duty exists, Cooper's claim still fails because the defendants did not breach the peace.

Maryland courts have not had opportunity to illuminate the meaning of "breach of the peace," and therefore the court must look to decisions from sister states for guidance. State courts across the country agree that repossession may breach the peace if it involves: "law enforcement; violence or threats of violence; trespass; verbal confrontation; [or] disturbance to third parties." *Rivera v. Dealer Funding, LLC*, 178 F. Supp. 3d 272, 279 (E.D. Pa. 2016) (collecting cases). States that have not developed an analytical framework for breach of the peace claims "focus almost entirely [on] the interactions [between] the debtor and creditor at the time of repossession, such as force or threats of force, trespass, or verbal objections." *Id.* (collecting cases). Courts also have sometimes held that fraud or deceit can breach the peace. *See Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020, 1024 (Fla. Dist. Ct. App. 1981). Cooper's view of the law is no different. In support of his argument that the defendants breached the peace he offers a string of cases that all but one support the proposition that a defendant may breach the peace if he fails to leave after a debtor protests the repossession. (Pl.'s Opps. ECF Nos. 26 and 27).

Cooper does not dispute that the defendants had a right to enter his land to repossess his camper. He claims instead that the defendants breached the peace during the repossession by rapidly approaching his home; making eye contact with him; running towards his home; failing to provide notice of the repossession; and failing to retreat after Cooper objected to the

7

repossession. These allegations are either true of the typical repossession or unsupported by the factual allegations in the complaint.

Repossession moves quickly not because it is insensitive to the risk of confrontation or violence but rather to avoid confrontation or violence. The R&A men in this case did nothing more than that. They ran up to Cooper's camper using neither violence, nor force, nor fraud. There is nothing in the complaint to suggest that the men confronted Cooper, let alone threatened him. Cooper merely asserts that the men made eye contact with him, failed to provide notice, and ran towards his home. But these facts cannot constitute breach of the peace. The typical repossession of a car likely will include some interaction with the debtor's home simply because cars are usually kept at the home. And Cooper does not cite any case law in his papers to support his assertion that mere eye contact, or a failure to notify the debtor of a repossession effort, can constitute breach of the peace, nor can the court find any.

Further, there is no indication that Cooper ever asked the men to leave. In fact, the opposite is supported by the factual allegations in the complaint; Cooper detained the men at gun point until the police arrived.[6] It was at this moment, as the altercation reached its crest, that the men first flashed their badges, indicating that, fake or not, the badges were not used to convince Cooper to let them take his camper but to deescalate the situation. The defendants in this case were no more likely to cause confrontation or violence than the typical repossession effort. Accordingly, the defendants' motions to dismiss will be granted.

IV. Breach of Contract

Cooper argues that Fulton Bank breached the installment contract when it allegedly breached the peace during its attempted repossession of his camper for the reasons described in

---

[6] The men from R&A did not call the police to assist them in the repossession.

8

part III. The installment contract allows Fulton Bank to "peaceably repossess the camper," and chooses Pennsylvania law to govern the parties' obligations.[7]

Pennsylvania courts, like Maryland courts, have not catalogued conduct constituting breach of the peace, or developed factors for identifying such conduct. *Rivera*, 178 F. Supp. 3d at 278-79. Yet, the courts are especially attentive to the use of force during repossession. Breach of the peace may occur if the repossession involved: "law enforcement; violence or threats of violence; trespass; verbal confrontation; [or] disturbance to third parties," *id.* at 279, or if the debtor's property is damaged during the repossession or the creditor uses force to enter the debtor's land. *Laurel Coal Co. v. Walter E. Heller & Co., Inc.*, 539 F. Supp. 1006, 1007, 1008 (W.D. Pa. 1982).

For the reasons already stated in section III, Fulton Bank did not breach the peace and therefore did not breach its contractual obligations to Cooper.

V. Trespass to Land, Conversion, and Trespass to Chattel

Cooper claims that the defendants committed three common law torts: trespass to land, conversion, and trespass to chattel. These claims all include the interference, without permission, of another's enjoyment of her property. *Davis*, 251 F. Supp. 3d at 929, 933. Cooper argues that the defendants did not possess a legal right to enter his land or to take his camper and that they remained on his property after he objected to their presence. The defendants argue that they were authorized to be on Cooper's property and repossess his camper by a Pennsylvania statute, 13 PA. CONS. STAT. § 9-609(b)(2), and by the terms of the parties' underlying contract, which the parties both agree provides for repossession in the event of default.

---

[7] On a motion to dismiss the court may consider documents that are integral to the complaint. *Goines v. Valley Cmty Servs Bd.*, 822 F.3d 159, 164 (4th Cir. 2016).

A defendant does not destroy its right of entry onto another's property to enforce a security interest by "breach[ing] . . . the peace" or "us[ing] . . . force *after* the entry." *Davis*, 251 F.Supp.3d at 933-34 (emphasis in original). Although implicit, Cooper agrees that the defendants had a right under the installment contract to enter his land. Cooper does not dispute that the contract with Fulton Bank (1) gave Fulton Bank the right to repossess his camper if he defaulted on his loan and (2) that he did default. The real thrust of his argument is instead that the defendants lost that right when they allegedly breached the peace during their repossession effort.

Because the defendants' actions as alleged in the complaint did not breach the peace, Cooper's tort claims will be dismissed.

VI. Uniform Commercial Code § 9-609

Cooper asserts that the defendants violated § 9-609 of Maryland's Commercial Law Code, which allows a secured party to repossess collateral "[w]ithout judicial process, if it proceeds without breach of the peace." MD. CODE COM. LAW § 9-609(b)(2).

For the reasons already stated, the defendants did not breach the peace when they attempted to repossess Cooper's camper. This count, too, will be dismissed.

VII. Maryland Consumer Protection Act

Last, Cooper claims, in his proposed second amended complaint, that the defendants violated the Maryland Consumer Protection Act, ("MCPA"), which makes it unlawful to use "[u]nfair or deceptive trade practices," MD. CODE COM. LAW § 13-301, by making false statements and using phony badges.

To bring a successful claim under the MCPA a plaintiff must allege: "(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes [him] actual injury." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768-69 (D. Md. 2012).

Cooper never relied on the defendants' alleged unfair and deceptive practices. In his own words, the defendants' use of their badges "gave Mr. Cooper the impression that the men were trying to pass themselves off as police officers," (Sec. Am. Compl. ¶ 40), and eventually "increased Mr. Cooper's suspicions and doubt as to their veracity," (*id.* at ¶ 42). The badges also did not stop Cooper from accepting a passerby's offer to call the police, (*id.* at ¶ 35), nor did they, as Cooper's keeping the R&A men at gunpoint until the police arrived indicates, disabuse Cooper of his first impression that the men were there to invade his home or steal his camper, (*id.* at ¶¶ 30, 32).

Accordingly, Cooper fails to make out a claim under the Maryland Consumer Protection Act and his request for leave to file a second amended complaint will be denied as futile.

## Conclusion

For the reasons stated above, the defendants' motions to dismiss will be granted. A separate order follows.

\_\_\_\_Nov. 15, 2017\_\_\_\_\_  _____ \_\_\_\_ /s/_____
Date  Catherine C. Blake
United States District Judge